**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOHNNY M. JONES,

                Plaintiff,

v.                                    CIVIL  ACTION  NO.  3:05-0014

C.J. MAHAN CONSTRUCTION
COMPANY, a foreign corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion to remand this case. For the reasons set forth below, the motion is **GRANTED**.

**I. Introduction**

Plaintiff Johnny M. Jones ("Jones") brought this suit against Defendant C.J. Mahan Construction Company ("Mahan") alleging that his termination by Mahan constituted discrimination pursuant to the West Virginia Workers' Compensation Act, discrimination pursuant to the West Virginia Human Rights Act, denial of employee benefits pursuant to the Human Rights Act, retaliatory discharge, violation of ERISA, outrage and intentional infliction of emotional distress. Jones brought this suit against Mahan on January 6, 2005, in the Circuit Court of Wayne County, West Virginia. On February 6, 2005, Mahan removed this action to this Court and also moved to dismiss the complaint on the grounds that Jones' causes of action for discriminatory practices in violation of the Workers' Compensation Act and for age discrimination fail to state claims upon

which relief may be granted. This Court denied Mahan's motion to dismiss, finding that the action stated a claim arising under the West Virginia Workers' Compensation Commission.

**II. Analysis**

Removal statutes must be construed strictly against removal, and the burden of establishing the propriety of removal falls upon the removing party. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, a remand is necessary. *Id*.

Mahan's argument against remand relies heavily on its contention that Jones failed to state a claim under the West Virginia Workers' Compensation Act. The court rejected Mahan's argument with regard to the three criteria set out by *Powell v. Wyoming Cablevision, Inc*., 403 S.E.2d 717 (W.Va. 1991). In order to make a *prima facie* case of discrimination under West Virginia Code § 23-5A-1, an employee must prove (1) that on-the-job injury was sustained; (2) that proceedings were instituted under the Workers' Compensation Act; and (3) that the filing of the workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee. Since the Court denied Mahan's motion to dismiss the workers compensation discrimination claim, this action must be remanded to the Circuit Court, according to 28 U.S.C. § 1445(c), which states that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

This Court addressed a factually similar situation in *Husk v. E.I. Du Pont De Nemours and Co.*, 842 F. Supp. 895 (S.D.W.Va. 1994), in which the Court confirmed its earlier ruling in *Thomas v. Kroger Co.*, 583 F. Supp. 1031 (S.D.W.Va. 1984) that "a claim for retaliatory discharge made pursuant to

W.Va. Code § 23-5A-1, is one that arises under the workers' compensation laws of West Virginia and is thus barred from removal to a federal court by 28 U.S.C. § 1445(c)." *Id*. at 896.

Mahan asserts that Jones' other state law tort, age discrimination and ERISA claims are separate and independent from his retaliatory discharge claim and that the Court has the discretion to keep or remove the entire case under 28 U.S.C.A. § 1441(c), which states:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(c)(2005). The Court finds that Jones did raise federal questions in his complaint by his inclusion of the express ERISA claim in Count VI and one of age discrimination claims, Count VIII, which is completely preempted by ERISA.[1] Jones states that all of these claims arise from a single wrong, the discharge, and must also be remanded. *Husk* stated that "even where federal questions are raised in an action raising a retaliatory discharge claim based upon state workers' compensation laws, it has been held that the case may not be removed to federal court if all of the plaintiff's claims arise from a single wrong." *Id*. at 898, footnote 5. The Court agrees with Jones. Jones has a claim for age discrimination and for other torts each of which arise from his discharge, a "single wrong." The *Husk* footnote is therefore applicable to this case.

The Court finds that the entire case should be remanded to the Circuit Court. Congress clearly intended for worker's compensation cases to be heard in State Court, as evidenced by 28

---

[1] Count VIII states that his discharge was due to his age and to the Defendant's desire to avoid paying pension and employee welfare benefits, a claim which triggers complete preemption under ERISA. *See Hoops v. Elk Run Coal Co.*, 57 F. Supp.2d 357 (S.D.W.Va. 1999)

U.S.C. § 1445(c).[2] Given this congressional intent, the Court declines to exercise supplemental jurisdiction over this claim. The Court also believes that, in the interest of judicial efficiency, it does not make sense to divide this case and retain jurisdiction over some claims, while remanding the retaliatory discharge claim to Circuit Court. The Court has also given weight to Plaintiff's choice of forum in deciding whether to remand this case. Considering these three factors together, the Court believes that it is proper to remand this entire action to the Circuit Court of Wayne County, West Virginia.

## III. Conclusion

For the reasons stated herein, Plaintiff's motion to remand is **GRANTED** and the case is remanded to the Circuit Court of Wayne County. The Court **DIRECTS** the Clerk to send a copy of this written opinion to counsel of record and any unrepresented parties.

ENTER: May 16, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] While the Court may have supplemental jurisdiction over Plaintiff's nonfederal claims under 28 U.S.C. § 1367(a), the Court believes the express prohibition of the removal of workmen's compensation cases is controlling.